THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RUTH MELISA GOMEZ-MARENTES,<br><br>　　　　　　Defendant. | CASE NO. CR20-0092-JCC-19<br><br>ORDER |

This matter comes before the Court on the Government's Motion for Entry of a Preliminary Order of Forfeiture ("Motion") (Dkt. No. 757) seeking to forfeit, to the United States, Defendant Ruth Marentes's interest in the following property ("Subject Currency"): $1,500 of $9,245 in United States currency, seized from Marentes's residence. The Court, having reviewed the Government's motion and the other papers and pleadings filed in this matter, hereby FINDS that entry of a preliminary order of forfeiture is appropriate because:

- The Subject Currency is forfeitable pursuant to 21 U.S.C. § 853, as it constitutes or is derived from proceeds Defendant obtained as a result of, and/or was used to facilitate, the commission of Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846; and pursuant to 18 U.S.C. § 982(a)(1) as property involved in or traceable to property involved in

- Defendant's commission of Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i)–(ii) and 1956(h); and

- Under the Plea Agreement she entered on November 8, 2021, Defendant agreed to forfeit the Subject Currency pursuant to 18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853. (Dkt. No. 594 at 12–13.)

NOW, THEREFORE, THE COURT ORDERS:

1. In accordance with 18 U.S.C. § 982(a)(1), 21 U.S.C. § 853 and her Plea Agreement, Defendant's interest in the Subject Currency is fully and finally forfeited, in its entirety, to the United States;

2. As provided in Federal Rule of Criminal Procedure 32.2(b)(4)(A)–(B), this Preliminary Order will be final as to Defendant at the time she is sentenced, it will be made part of the sentence, and it will be included in the judgment;

3. The United States Department of Justice, the Drug Enforcement Administration, and/or their authorized agents or representatives shall maintain the Subject Currency in their custody and control until further order of this Court;

4. As required by Federal Rule of Criminal Procedure 32.2(b)(6) and 21 U.S.C. § 853(n), the Government shall publish notice of this Preliminary Order and its intent to dispose of the property as permitted by governing law. The notice shall be posted on an official government website—currently, www.forfeiture.gov—for at least thirty (30) days. For any person known to have alleged an interest in the property, the Government shall also, to the extent possible, provide direct written notice to that person. The notice shall state that any person, other than Defendant, who has or claims a legal interest in the property must file a petition with the Court within sixty (60) days of the first day of publication of the notice (which is thirty (30) days from the last day of publication), or within thirty (30) days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

        a.      shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property;

        b.      shall be signed by the petitioner under penalty of perjury; and,

        c.      shall set forth the nature and extent of the petitioner's right, title, or interest in the property, as well as any facts supporting the petitioner's claim and the specific relief sought.

5. If no third-party petition is filed within the allowable time period, the United States shall have clear title to the property, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Federal Rule of Criminal Procedure 32.2(c)(2);

6. If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues it presents, discovery may be conducted in accordance with the Federal Rules of Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and,

7. The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of Forfeiture, and amending the Preliminary Order or Final Order as necessary under Federal Rule of Criminal Procedure 32.2(e).

IT IS SO ORDERED this 3rd day of June 2022.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE